UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------

181 WESTCHESTER AVENUE LLC,

                        Plaintiff,

      v.

CHUBB NORTH AMERICA, CHUBB
NATIONAL INSURANCE COMPANY, and
GREAT NORTHERN INSURANCE COMPANY,

                        Defendants.

---------------------------------------------------------------------

**NOTICE OF REMOVAL**

Supreme Court – WESTCHESTER County Index No. 58361/2022

TO: Clerk of the U.S. District Court for the Southern District of New York:

PLEASE TAKE NOTICE that defendants CHUBB NORTH AMERICA, CHUBB NATIONAL INSURANCE COMPANY, and GREAT NORTHERN INSURANCE COMPANY ("Defendants") by and through their attorneys Dorf & Nelson LLP, hereby remove this action, pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, from the Supreme Court of the State of New York, County of Westchester, to the United States District Court for the Southern District of New York. In support of this Notice of Removal, Defendants state the following:

1. On March 30, 2022, plaintiff commenced an action in the Supreme Court of the State of New York, Westchester County, captioned *181 Westchester Avenue LLC, v. Chubb North America, Chubb National Insurance Company, and Great Northern Insurance Company*, Index No. 58361/2022 A true and correct copy of the Summons and Complaint as well as the New York State Court docket are collectively attached hereto as **Exhibit A.**

2. Plaintiff seeks a declaratory judgment that defendants Chubb North America, Chubb National Insurance Company and Great Northern Insurance Company are obligated to insure, defend, and indemnify plaintiff and that 21st Century Renovations, Ltd and Joseph Prunesti are additional insureds under the Policy.

3. This Notice of Removal is being filed in the United States District Court for the Southern District of New York, the district in which the case is pending.

4. This Notice of Removal is being filed within thirty days of service of the Summons and Complaint.

5. This Court has original jurisdiction over this action as there is complete diversity of the parties to this action.

## DIVERSITY OF CITIZENSHIP

6. The Complaint alleges that plaintiff is a New York State corporation with its principle place of business in Westchester County, New York.

7. Upon information and belief, Plaintiff is duly organized and existing pursuant to the laws of the State of New York.

8. Defendant CHUBB NATIONAL INSURANCE COMPANY is a corporation duly organized and existing pursuant to the laws of the State of Indiana with a principal place of business in the State of New Jersey.

9. Defendant GREAT NORTHERN INSURANCE COMPANY is a corporation duly organized and existing pursuant to the laws of the State of Indiana with a principal place of business in the State of New Jersey.

10. Nominal Defendant CHUBB NORTH AMERICA is not a legal entity and is not incorporated pursuant to the laws of any state (including the State of New York) and does not have a principal place of business in any state (including the State of New York). Upon information and belief, plaintiff attempted service upon CHUBB NORTH AMERICA via service at 436 Walnut Street, Philadelphia, Pennsylvania.

11. As a result, the parties are completely diverse pursuant to 28 U.S.C. § 1332(a)(2).

## CONCLUSION

12. Complete diversity exists between plaintiff and all of the defendants, and the amount in controversy exceeds $75,000. Accordingly, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a).

13. Defendants will provide plaintiff and all parties who have appeared with prompt written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d) and will file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of Westchester, where the Complaint was originally filed.

WHEREFORE, Defendants respectfully give notice that the above-captioned civil action pending in the Supreme Court of the State of New York, Westchester County is removed to the United States District Court for the Southern District of New York Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1447.

Dated:   Rye, New York
         May 2, 2022

                                                    DORF & NELSON LLP

                                                    By: _____
                                                         James F. Creighton

                                                    *Attorneys for Defendants*
                                                    555 Theodore Fremd
                                                    Rye, New York 10580
                                                    (914) 381-7600

TO:   Baker, Leshko, Saline & Drapeau LLP
      Attorneys for Plaintiff
      One North Lexington Avenue
      White Plains, New York 10601-1712
      (914) 681-9500

# EXHIBIT A

BAKER, LESHKO, SALINE & DRAPEAU, LLP
*Attorneys for Plaintiff*
One North Lexington Avenue
White Plains, New York 10601-1712
914.681.9500

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

| | |
|---|---|
| 181 WESTCHESTER AVENUE LLC,<br><br>Plaintiff,<br><br>-against-<br><br>CHUBB NORTH AMERICA, CHUBB NATIONAL INSURANCE COMPANY, and GREAT NORTHERN INSURANCE COMPANY,<br><br>Defendants. | Index No. 58361/2022<br><br>Date Purchased: 3.30.22<br><br>**SUMMONS** |

**TO THE ABOVE-NAMED DEFENDANTS:**

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within twenty (20) days of service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New

1

FILED: WESTCHESTER COUNTY CLERK 03/30/2022 09:50 AM
NYSCEF DOC. NO. 1

INDEX NO. 58361/2022
RECEIVED NYSCEF: 03/30/2022

York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Plaintiff designates New York as the place of trial. The basis of venue is the residence of the plaintiff. Plaintiff has an address at 181 Westchester Avenue, Port Chester, New York.

Dated: White Plains, New York
March 30, 2022

                        BAKER, LESHKO, SALINE & DRAPEAU, LLP
                        *Attorneys for the Plaintiff*

                        By: _____

To:   Chubb North America
       1133 Sixth Avenue
       New York, New York 10036

       Chubb National Insurance Company
       15 Mountain View Road
       Warren, New Jersey 07059

       Great Northern Insurance Company
       100 South 5th Street
       Minneapolis, MN 55402

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

| | |
|---|---|
| 181 WESTCHESTER AVENUE LLC,<br><br>Plaintiff,<br><br>-against-<br><br>CHUBB NORTH AMERICA, CHUBB NATIONAL INSURANCE COMPANY and GREAT NORTHERN INSURANCE COMPANY,<br><br>Defendants. | Index No.<br>58361/2022<br><br>**COMPLAINT** |

181 Westchester Avenue LLC, by its attorneys, Baker, Leshko, Saline & Drapeau, LLP, as and for their declaratory judgment complaint, allege as follows:

1. Plaintiff 181 Westchester Avenue LLC is a domestic corporation that is domiciled in the State of New York and whose primary place of business is in Westchester County.

2. Upon information and belief, at all times herein mentioned, defendant Chubb North America (hereinafter "Chubb N.A.") is and was a foreign business corporation, was and still is authorized to do business in the State of New York, was and still is transacting and/or conducting business in the State of New York and was and still is duly licensed by the Insurance Department of the State of New York to conduct the business of issuance of insurance policies within the State.

3

3.   Upon information and belief, at all times herein mentioned, defendant Great National Insurance Company (hereinafter "Great Northern"), (collectively "Chubb"), is and was a foreign business corporation, was and still is authorized to do business in the State of New York, was and still is transacting and/or conducting business in the State of New York, and was and still is duly licensed by the Insurance Department of the State of New York to conduct the business of issuance of insurance policies within the State.

4.   Upon information and belief, at all times herein mentioned, defendant Great Northern Insurance Company (hereinafter "Chubb National") is and was a foreign business corporation, was and still is authorized to do business in the State of New York, was and still is transacting and/or conducting business in the State of New York and was and still is duly licensed by the Insurance Department of the State of New York to conduct the business of issuance of insurance policies within the State.

5.   This is an action for a declaratory judgment pursuant to New York State Civil Practice Law and Rules § 3001, wherein Plaintiffs seek a judgment declaring, *inter alia*, that defendants Chubb N.A., Chubb National, and Great Northern owe coverage to 181 Westchester Avenue LLC for the claims and causes of action which are the subject of an underlying bodily injury lawsuit entitled, *Caro Home, et al. v. 181 Westchester Ave LLC, et al.*, pending in the Supreme Court for the State of New York, New York County, and bearing Index No. 151079/2019 (hereinafter "Underlying Action").

6.   A justiciable determination and a declaration of the rights and obligations of

each party is necessary and appropriate because Plaintiff has no adequate remedy at law which will resolve the current controversy.

7. Chubb issued a General Liability Policy ("Policy") on August 24, 2017,

8. to 181 Westchester Avenue LLC, policy number 3603-1963 EUC. The policy has a general aggregate limit of $2,000,000 and an occurrence limit of $1,000,000.

9. The Underlying action is an action for damages against 181 Westchester Avenue LLC and other defendants.

10. Plaintiffs Jane Doe "1" to "11" bring an action alleging (1) intentional, (2) grossly negligent, and (3) negligent violation of plaintiffs' privacy in videotaping plaintiffs thereby violating their privacy. Plaintiffs Jane Doe "1" to "11" also bring an action for negligent retention. Plaintiff Caro Home alleges loss of profits and/or business as a result of the alleged gross negligence and negligence claimed therein.

11. The events giving rise to the Underlying Action prior to April 4, 2018.

12. Plaintiff provided Chubb prompt notice of the Underlying Action.

13. On or about March 18, 2019, 181 Westchester Avenue LLC received a letter from Chubb disclaiming liability on the Underlying Action and denying a duty to defend the Underlying Action.

14. It took the position that 21st Century Renovations, Ltd. and Joseph Prunesti did not qualify as insureds under the Policy.

15. Further, Chubb argued that no duties were triggered on behalf of any

Defendant for the allegations as set forth in the Complaint under the Policy.

16. It also argued that there is no coverage for the financial damages sought and, to the extent that the allegations allege intentional acts resulting in intended damages, there is not coverage.

17. Each of the positions taken by Chubb is incorrect and violates the terms of the Policy.

18. Yet, as a result of the foregoing, plaintiff 181 Westchester LLC is currently required to pay for its own defense in the Underlying Action.

### First Cause of Action

19. Plaintiff repeats and realleges paragraphs 1 through 17 as if fully set forth herein.

20. Plaintiff requests a declaration by this Court that Chubb is obligated to pay all defense costs that plaintiff has incurred to date and will incur in the future with respect to each of the claims asserted in the Underlying Action.

### Second Cause of Action

21. Plaintiff repeats and realleges paragraphs 1 through 19 as if fully set forth herein.

22. Plaintiff requests a declaration by this Court that Chubb has a duty to indemnify plaintiff pursuant to the terms of the Policy.

### Third Cause of Action

FILED: WESTCHESTER COUNTY CLERK 03/30/2022 09:50 AM
NYSCEF DOC. NO. 1

INDEX NO. 58361/2022
RECEIVED NYSCEF: 03/30/2022

23. Plaintiff repeats and realleges paragraphs 1 through 21 as if fully set forth herein.

24. Plaintiff requests a declaration by this Court that 21st Century Renovations, Ltd. and Joseph Prunesti are additional insureds under the Policy.

WHEREFORE, plaintiff demands judgment as follows:

1. The Court enter a declaratory judgment that (1) defendants Chubb NA, Chubb National, and Great Northern are obligated to insure, defend, and indemnify plaintiff, and (2) 21st Century Renovations, Ltd. and Joseph Prunesti are additional insureds under the Policy;

2. Otherwise determining the rights and obligations of Plaintiffs and Defendant with respect to the Policy;

3. For costs, disbursements, and attorneys' fees; and

4. The Court grant costs, disbursements, and such other and further relief as may be proper.

Dated: White Plains, New York
       March 30, 2022

                BAKER, LESHKO, SALINE & BLOSSER, LLP
                *Attorneys for Plaintiff*

                By: _____
                      Mitchell J. Baker

# New York Supreme Court, Westchester County Docket Index Number: 58361/2022

5/2/22, 3:26 PM                                                                    Document List

NYSCEF - New York State Courts Electronic Filing (Live System)

Return to Search Results

58361/2022 - Westchester County Supreme Court

Short Caption: 181 Westchester Avenue LLC v. Chubb North America et al
Case Type: Commercial – Contract Case
Status: Pre-RJI
eFiling Status: Partial Participation Recorded

E-mail Participating Parties

**Narrow By Options**

Document Type: Please select...
Filed By:
Please select...
Filed Date:
Motion Info:
E] thru
Document Number:
Display Document List with Motion Folders

ort By: Doc #

| # | Document | Filed By | Status |
|---|---|---|---|
| 1 | SUMMONS + COMPLAINT | Baker, M. Filed: 03/30/2022 Received: 03/30/2022 | Processed Confirmation Notice |
| 2 | AFFIRMATION/AFFIDAVIT OF SERVICE | Baker, M. Filed: 04/07/2022 Received: 04/07/2022 | Processed Confirmation Notice |
| 3 | AFFIRMATION/AFFIDAVIT OF SERVICE | Baker, M. Filed: 04/12/2022 Received: 04/12/2022 | Processed Confirmation Notice |
| 4 | AFFIRMATION/AFFIDAVIT OF SERVICE  Affidavit of Service | Baker, M. Filed: 04/22/2022 Received: 04/22/2022 | Processed Confirmation Notice |

https://iapps.courts.state.ny.us/nyscef/DocumentList?docketId=apQj6rEBrgrj8wp_PLUS DGoexQ--1/1